## STATE ex OLENTANGY OIL CO v LORAIN (city)

Ohio Appeals, 9th Dist, Lorain Co

No 871. Decided April 22, 1938

Deutch & Dilgren, Elyria and Troy A. Feibel, Columbus, for appellee.

John D. Pincura, Jr., City Solicitor, Lorain, for appellants.

### OPINION

By STEVENS, PJ.

This is an appeal on questions of law from the Court of Common Pleas of Lorain county.

The sole question for determination by this court is whether Section 2 of an ordinance (being No. 4483) enacted by the council of the city of Lorain is valid. That section is in the following terms:

"All underground storage tanks shall be constructed of iron or steel, bearing the stamp of approval of the Underwriters' Laboratories thereon and shall not exceed one thousand (1000) gallons in capacity. No greater capacity than six one-thousand (1000) gallon tanks shall be placed, installed,

510

constructed or maintained underground at any place or location where inflammable liquids are sold or stored within the city of Lorain, state of Ohio. No greater capacity than six one-thousand (1000) gallons of inflammable liquids shall be stored at any place or location where inflammable liquids are sold or stored within the city of Lorain, Ohio. A distance of two hundred feet (200) shall be maintained between such batteries of storage tanks unless said tanks are separated by a public street of at least forty (40) feet in width. All underground storage tanks shall be coated on the outside with tar or other non-rusting material. Tanks containing less than five hundred and sixty (560) gallons, shall be buried at least eighteen (18) inches apart; tanks containing more than five hundred sixty (560) gallons and less than one thousand (1000) gallons shall be buried at least three (3) feet apart. Tanks shall be buried underground at the point of installation to a depth of at least three (3) feet when the storage is less than five hundred and sixty (560) gallons; tanks containing more than five hundred and sixty (560) gallons shall be buried at least three (3) feet and six (6) inches at the point of installation, and at least three feet apart." (Emphasis ours.)

The record discloses that the said ordinance was duly enacted by the city council within the scope of its police power. Was it "unreasonable, arbitrary, discriminatory, vague, oppressive and indefinite" as claimed by the relator? If so, the order of the trial court must be affirmed in its judgment ordering a peremptory writ of mandamus to permit the "installation and construction of * * * twelve tanks" for the storage of gasoline and, further, an order of injunction to restrain the "defendants * * * from interfering with the relator in the installation, construction or maintainance of said tanks * * *." If it is not, the said judgment must be reversed and the petition dismissed.

The Supreme Court of this state has pronounced that:

"1. The determination whether police regulations are reasonable and necessary for the safety of the public is committed to the discretion of the legislative body, and unless it is clear that such police regulations are unreasonable or arbitrary or have no relation to the public health, morals or safety, courts will not substitute their judgment for the legislative discretion." (Emphasis ours.)

State ex rel The Standard Oil Co v Combs, Dir. of Public Service, 129 Oh St 251.

The Supreme Court of the United States has decreed that:

"1. Where legislative action is within the scope of the police power, fairly debatable questions as to its reasonableness, wisdom, and propriety are not for the determination of courts, but for that of the legislative body on which rest the duty and responsibility of decision.

"2. The court judicially knows that gasolene and kerosene stored in large quantities are dangerously inflammable substances.

"3. An ordinance regulating the mode of storage of petroleum products is within the delegated powers and constitutional province of a municipal corporation."

Standard Oil Co, et al v City of Marysville, et al, etc. (1929), 279 U. S. 582.

As was said by Justice Stone in the foregoing case:

"We may not test in the balances of judicial review the weight and sufficiency of the facts to sustain the conclusion of the legislative body, nor may we set aside the ordinance because compliance with it is burdensome."

The members of this court are of the opinion that the ordinance in question, under the rules set out supra, is valid; and from the facts as established by the record, an adjudication to the contrary would be an unwarranted invasion by this court of the discretion vested by law in the legislative body, the city council.

Because it is contrary to law, the judgment of the trial court is reversed; and proceeding now to render the judgment which the trial court should have rendered, the application for a writ of mandamus is denied, the injunction dissolved and the petition dismissed.

WASHBURN, J, and DOYLE, J, concur in judgment.